UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLAYSPAN HOLDINGS, LLC, | |
| Plaintiff, | |
| v. | 2:11-cv-01790-PMP-VCF |
| EDMUND LEE, | <u>ORDER</u> |
| Defendant. | |

**UPON CONSIDERATION** of Plaintiff's Motion for Temporary Restraining Order Without Notice and for a Preliminary Injunction With Notice (Doc. #2, #3) to place the <ultimategamecard.org> domain name on hold, the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown,

**THE COURT HEREBY FINDS THAT:**

1. Plaintiff will suffer irreparable injury if the Court does not require Name.com, Inc., the domain name registrar, to place the <ultimategamecard.org> domain name registration on hold and lock and deposit it with the Court, pending litigation of this matter;

2. Plaintiff is likely to succeed on the merits of its claim for cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), because Plaintiff has demonstrated that Defendant registered the <ultimategamecard.org> domain name with a bad faith intent to profit from the ULTIMATE GAME CARD Marks (as defined in the Complaint), which were distinctive and/or famous at the time Defendant

1   registered the <ultimategamecard.org> domain name;

2       3.    The balance of hardships tips in favor of Plaintiff because issuance of the
3   temporary restraining order would merely place the infringing <ultimategamecard.org>
4   domain name on hold and lock pending trial, and failure to issue the restraining order would
5   cause Plaintiff to suffer and incur additional expense in having to file additional lawsuit(s)
6   if the domain name were to be transferred to other registrants during the pendency of this
7   action;

8       4.    A temporary restraining order is in the public interest because issuance
9   would protect consumers against deception and confusion; and

10       5.    An ex parte temporary restraining order is appropriate because Defendant
11   previously moved the website to a hosting service in Amsterdam, indicating that Defendant
12   may transfer the domain name to a registrar outside of United States.

13       **THEREFORE, IT IS HEREBY ORDERED THAT**, pending a trial on the
14   merits:

15       A.    Plaintiff's Motion for Temporary Restraining Order Without Notice (Doc.
16   #2) is hereby GRANTED;

17       B.    The <ultimategamecard.org> domain name shall be immediately placed on
18   hold and lock by Name.com, Inc., which will deposit the domain name into the registry of
19   the Court;

20       C.    Name.com shall disable the current domain name server information
21   linked to the <ultimategamecard.org> domain name;

22       D.    A nominal bond of $100 shall be required because the evidence indicates
23   that Defendant will suffer, if at all, only minimal damage by the issuance of this temporary
24   restraining order;

25       E.    Plaintiff may, in addition to the requirements of service identified in
26   Federal Rules of Civil Procedure 4 and 5, serve the Summons, Complaint, Motion for

Temporary Restraining Order and Preliminary Injunction, all supporting documentation, this Order, and all other papers and pleadings upon Defendant by e-mail transmission; and

      F.    The parties shall appear for hearing and oral argument on Plaintiff's Motion for a Preliminary Injunction With Notice (Doc. #3) on Thursday, November 17, 2011, at 11:00 a.m. in Courtroom 7C, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101.  The parties shall be prepared to address the issue of personal jurisdiction before the Court.

DATED: November 8, 2011

_____
PHILIP M. PRO
United States District Judge