1  MICHAEL J. McCUE (Bar No. 6055)
   MMcCue@LRLaw.com
2  JOHN L. KRIEGER (Bar No. 6023)
   JKrieger@LRLaw.com
3  NIKKYA G. WILLIAMS (Bar No. 11484)
   NWilliams@LRLaw.com
4  LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway, Suite 600
5  Las Vegas, Nevada  89169
   Tel: (702) 949-8200
6  Fax: (702) 949-8398

7  Attorneys for Plaintiff
   PLAYSPAN HOLDINGS, LLC
8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11
   PLAYSPAN HOLDINGS, LLC,  a Delaware        Case No. 2:11-cv-01790-PMP-VCF
12 limited liability corporation,

13              Plaintiff,                              **PRELIMINARY
                                              INJUNCTION**
14      v.

15 EDMUND LEE, an individual,

16              Defendant.

17

18      **UPON CONSIDERATION** of the motion filed by Plaintiff for a preliminary injunction ,

19 the supporting memorandum of points and authorities, the supporting declaration and evidence,

20 the record in this case, and for other good cause shown;

21      **THE COURT HEREBY FINDS THAT**:

22      1.      Plaintiff will suffer irreparable injury to its Playspan Marks (as defined in the

23 Complaint), if Defendant is not enjoined from transferring the <ultimategamecard.org> domain

24 name, which contains the ULTIMATE GAME CARD mark, to another domain name registrar or

25 transferring registration of the domain name to other persons or entities;

26      2.      Plaintiff will suffer irreparable injury to its Playspan Marks and the associated

27 goodwill if Defendant is not enjoined from owning or using domain names containing the

28 Playspan Marks;

3.      Plaintiff is likely to succeed on the merits of its claim for cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) because Plaintiff has demonstrated that Defendant registered the <ultimategamecard.org> domain name with a bad faith intent to profit from the ULTIMATE GAME CARD Marks (as defined in the Complaint), which were distinctive and/or famous at the time Defendant registered the <ultimategamecard.org> domain name;

4.      The balance of hardships tips in favor of Plaintiff because issuance of the preliminary injunction would merely prevent Defendant from linking the <ultimategamecard.org> domain name, which is identical and/or confusingly similar to the ULTIMATE GAME CARD mark, to an active website, and would transfer registration of the <ultimategamecard.org> domain name to Plaintiff pending trial; failure to issue the preliminary injunction would cause Plaintiff to continue to suffer loss of control over its goodwill; and

5.      Issuance of the preliminary injunction would be in the public interest because it would protect consumers against deception and confusion arising from the registration and/or use of the ULTIMATE GAME CARD trademarks by an entity other than Plaintiff.

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

A.      The registration for the <ultimategamecard.org> domain name shall be immediately transferred to Plaintiff. The hold and lock placed on the domain name in accord with the temporary restraining order shall remain in place after the domain registration has been transferred to Plaintiff.

B.      Defendant, and his agents, servants, employees and/or all persons acting in concert or participation with him, are prohibited from: (1) using the Playspan Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the Playspan Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs.

C.     Plaintiff shall not be required to post an additional bond because the evidence indicates that the Defendant will only suffer, if at all, minimal damage by the issuance of this preliminary injunction; hence, the present bond of $100.00 will remain in effect

ENTERED: this _ 22nd day of December, 2011.

_____

UNITED STATES DISTRICT JUDGE

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2599013.1

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on December 22, 2011, I caused the foregoing document entitled

3   **[PROPOSED] PRELIMINARY INJUNCTION** to be served via first-class U.S. Mail, postage

4   prepaid, upon the following person:

5      Edmund Lee
       21 E. Chestnut Street, 3F
6      Chicago, Illinois 60611

7

8      Dated: December 22, 2011

9

10                                    _Danielle Kelley_

11                                    An employee of Lewis and Roca LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28